THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GUADALUPE GOMEZ, | ) | 4:06CV3181 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CARGILL, INC., A Delaware | ) | |
| Corporation, CARGILL MEAT | ) | |
| SOLUTIONS, INC., and EXCEL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

In this diversity case removed from the District Court of Colfax County, Nebraska, the plaintiff alleges he was wrongfully terminated from his job as a machine operator at a beef slaughter facility in violation of Nebraska public policy. The plaintiff contends that his discharge was motivated by several complaints he made to his supervisors regarding dangerous conditions at the plant: (1) there was standing water on the floor near his machine, creating a risk of electric shock; (2) he had observed workers pick up meat off the floor and combine it with other meat; (3) a safety door on his machine was allowed to be open while his machine was running, presenting a risk to employees passing by; (4) a water pump on his machine was not working properly, posing a health risk from contaminated food; (5) he was not being given the required number of work breaks; and (6) the gloves he and other employees were required to wear contained holes, allowing human contact with meat in the course of meat processing. (Filing 1, Complaint.)

The plaintiff alleges that before voicing any health or safety concerns to his supervisors, he was given favorable performance reviews. However, after making these complaints, he received an unfavorable performance review and was "suddenly" terminated from his employment. The plaintiff also claims that his retaliatory discharge entitles him to compensatory and punitive damages. (Filing 1, Complaint.)

The defendants have moved to dismiss (filing 3-1) Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the defendants assert that Plaintiff has failed to articulate a statutory or criminal violation or a broad, comprehensive statutory scheme that would constitute "a clear expression of public policy" for purposes of a wrongful discharge claim based on violation of Nebraska public policy. (Filing 3-2, Mem. Supp. Defs.' Mot. Dismiss at 2-4.) The defendants also argue that Plaintiff's claim for punitive damages must be dismissed, as such damages are not allowed in Nebraska. (Id. at 4-5.) I shall grant the defendants' motion to dismiss.

## A.  Public Policy Claim

Without citation to any Nebraska statutes, the plaintiff's complaint broadly proclaims that his discharge was "against public policy of the State of Nebraska to protect consumers of food." (Complaint, Filing 1-2 ¶ 21.) In his brief opposing the defendants' motion to dismiss, the plaintiff cites several Nebraska statutes[1] on which he purports to

---

[1] Neb. Rev. Stat. Ann. § 48-404 (LexisNexis 2002) (requiring employers to keep factories "clean and free from effluvia arising from any drain, privy or nuisance, and shall be ventilated and kept in a sanitary condition"); Neb. Rev. Stat. § 48-409 (LexisNexis 2002) ("Every person operating a plant where machinery is used, shall provide such guards, boxing, screens or other appliances as will protect employees against injury from belting, shafting, gearing, elevators, drums, saws, cogs, electric currents, molten metal or hot liquid."); Neb. Rev. Stat. § 48-424 (LexisNexis 2002) ("Every person who shall violate any of the provisions of sections 48-401 to 48-423 shall be guilty of a Class II misdemeanor."); Neb. Rev. Stat. § 81-2,275 (LexisNexis 2005) ("It is unlawful for a person to operate a food establishment, food processing plant, or salvage operation in any manner which is not in conformity with the Nebraska Pure Food Act or the rules and regulations adopted and promulgated pursuant thereto . . . ."); Neb. Rev. Stat. § 81-2,282 (LexisNexis 2005) ("It shall be unlawful for any person to adulterate any food or for any person to manufacture, distribute, offer for sale, or sell any adulterated food. . . . Food shall be deemed to be adulterated if . . . [i]t has been manufactured, processed, packaged, stored, or held under insanitary conditions where it may have become unsafe for use as food . . . .").

2

rely to establish a public policy exception to the at-will employment doctrine.[2] This exception—recognized by the Nebraska Supreme Court—permits at-will employees to bring wrongful-discharge claims for damages when the motivation for discharge contravenes "a very clear mandate of public policy." Wendeln v. The Beatrice Manor, Inc., 712 N.W.2d 226, 238 (Neb. 2006).

Nebraska courts have found public policy violations to be exceptions to the at-will employment doctrine when "employees . . . are discharged because they refused to commit an act that violates the criminal laws of the state." Simonsen v. Hendricks Sodding & Landscaping Inc., 558 N.W.2d 825, 829 (Neb. Ct. App. 1997) (employee who refused to operate truck with defective brakes in violation of state law could not be discharged for refusing to commit an act that violates criminal laws). The Nebraska Supreme Court has also found that an action for wrongful discharge lies when an at-will employee, in good faith and upon reasonable cause, reports his employer's suspected violation of the criminal code. Schriner v. Meginnis Ford Co., 421 N.W.2d 755, 756 (Neb. 1988). An exception also has been found to exist when an employee was terminated for exercising substantive rights under the Nebraska's Workers' Compensation Act, Jackson v. Morris Communications Corp., 657 N.W.2d 634, 640 (Neb. 2003), and

---

[2]The plaintiff's brief also cites Neb. Rev. Stat. Ann. § 48-1114 (LexisNexis 2002) (part of the Nebraska Fair Employment Practice Act ("FEPA") making it an unlawful employment practice for an employer to "discriminate" against an employee who "has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state") as an example of Nebraska's clear mandate of public policy, but the plaintiff's complaint specifically defines his claim as "wrongful termination . . . against public policy of the State of Nebraska to protect consumers of food." But neither in his brief nor in his complaint does the plaintiff purport to bring this action under FEPA—instead he uses FEPA as an example of Nebraska's public policy. Moreover, he does not claim that he exhausted his administrative remedies under FEPA. Still further, he does not claim in his complaint or his brief that he was the subject of "discrimination," the touchstone of a FEPA claim. Thus, relying upon the plaintiff's characterization of his claim, I construe that claim as one for retaliatory discharge in violation of public policy, rather than one for relief under FEPA, Neb. Rev. Stat. Ann. § 48-1101 et seq. (LexisNexis 2002 & Cum. Supp. 2006).

when an at-will employee was terminated for refusing to submit to a polygraph examination, contrary to a Nebraska statute which made it a criminal offense for employers to require such tests as a condition to continued employment, Ambroz v. Cornhusker Square Ltd., 416 N.W.2d 510 (Neb. 1987). Finally, a public policy was found to exist when a nurse was discharged for reporting abuse occurring in a nursing home, as she was required to do by Nebraska statute. Wendeln, 712 N.W.2d 226. In contrast, the court has refused to recognize the existence of a clear, important public policy that would support a wrongful discharge claim when the state statutes relied upon were primarily remedial and contained no criminal penalties, nor any specific provision restricting the employer's common-law right to discharge an at-will employee. Malone v. American Business Information, 634 N.W.2d 788 (Neb. 2001) (Nebraska Wage Payment and Collection Act).

"'[A] federal court with diversity jurisdiction is bound only by state law as determined by the highest state court.'" Swope v. Siegel-Robert, Inc., 243 F.3d 486, 496 (8th Cir. 2001) (quoting Foy v. Klapmeier, 992 F.2d 774, 780 (8th Cir. 1993)). "When the forum state's highest court has not decided an issue, federal courts sitting in diversity must attempt to predict how the state's highest court would resolve the question." Highland Indus. Park, Inc. v. BEI Defense Systems Co., 357 F.3d 794, 798 (8th Cir. 2004).

In this case, the parties have not cited, nor has the court found, any Nebraska case law indicating that the Nebraska Supreme Court would recognize a public-policy exception to the employment-at-will doctrine to allow a cause of action for wrongful discharge when an employee of a private, regulated business is fired for making health and safety complaints to his supervisors regarding his workplace. The allegations in Plaintiff's complaint are readily distinguishable from those factual scenarios in which the Nebraska Supreme Court has recognized a public-policy exception—specifically, the plaintiff does not allege that he was discharged for refusing to perform an act that would violate state law; for reporting his employer's suspected violation of the state criminal code in good faith and upon reasonable cause; for exercising his substantive rights under an act similar to the Nebraska Workers' Compensation Act; for refusing to comply with

4

his employer's unlawful request; or for reporting to authorities conditions in his workplace that he was bound by Nebraska statute to report.  Thus, I cannot say that the state statutes cited by Plaintiff "'declare . . . an important public policy with such clarity as to provide a basis for a civil action for wrongful discharge.'" <u>Malone</u>, 634 N.W.2d at 793 (quoting <u>Schriner</u>, 421 N.W.2d at 757)).

Because "it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief," <u>Young v. City of St. Charles</u>, 244 F.3d 623, 627 (8th Cir. 2001) (citations omitted), I shall grant the defendants' motion to dismiss.

### B.  Damages Claim

Plaintiff characterizes his request for punitive and compensatory damages as his "Second Cause of Action."  Because Plaintiff has failed to state a claim upon which relief may be granted, his claim for damages must also be dismissed.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 3) filed pursuant to Fed. R. Civ. P. 12(b)(6) is granted;

2. Separate judgment shall be entered dismissing this case in its entirety.

November 9, 2006.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge